The evidence above set out sustains the conviction.

■ Appellant contends that the court erred in overruling his motion for continuance, due to the absence of the witness J. S. Rogers, alleging that he had been duly summoned and, if present, would give testimony material to appellant's defense.

The record reflects that said motion is a subsequent application; it is not shown that an attachment for said witness was requested or issued; no affidavit of the witness Rogers or other evidence stating what his testimony would be, if present, is found in the record. No abuse of discretion is shown in overruling the motion for continuance.

■ Appellant further complains of the action of the court in permitting the state to ask appellant if it was not a fact that his brother was on the jury when J. S. Rogers was tried in Mitchell County, and in receiving his answer that he was.

Appellant testified elsewhere without objection that his brother told him he was on the Rogers' jury, hence no error is shown.

■ Appellant contends that the court erred in refusing to submit his special requested instruction to the jury on the issue as to whether the witness L. M. Brooks was an accomplice.

The court was correct in refusing this instruction in that there was no evidence raising such issue.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

On Motion for Rehearing.

GRAVES, Presiding Judge.

■ In his motion for rehearing, appellant complains because the original opinion in this matter makes no mention of the supplemental brief filed by him in which he called the court's attention to the fact that two of the appellant's character witnesses were asked by the District Attorney of they knew anything about the appellant having been charged with other offenses prior to the present time. There seems to be no objection thereto disclosed by the record. Appellant complains of this as fundamental error and claims that the asking of such question should reverse this cause. We do not feel like extending the rule of fundamental error to such matter.

The motion for rehearing is overruled.

■

James Clifton LOGAN, Appellant, v. STATE of Texas, Appellee.

No. 26746.

Court of Criminal Appeals of Texas.

Oct. 28, 1953.

No attorney on appeal, for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of robbery, and his punishment was assessed at eight years in the penitentiary.

Appellant has filed his motion under oath stating that he desires this Court to dismiss his appeal.

The motion is granted and the appeal is dismissed.

Opinion approved by the Court.